IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JASON PETERSON, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 20-cv-727-DWD |
| | ) | |
| JEANIE JAMES, | ) | |
| DARIN WELLS, | ) | |
| STEPHANIE WAGGONER, and | ) | |
| JOHN DRANNAN, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

In this matter, Plaintiff Jason Peterson asserts that Defendants, staff members of the Illinois Department of Corrections ("IDOC"), violated his Eighth and Fourteenth Amendment rights by holding him in confinement for 382 days beyond his scheduled release date (Doc. 1). Now before the Court is the Motion to Dismiss (Doc. 15) filed by Defendants Stephanie Waggoner, Jeanie James, and Darin Wells, and to which Defendant John Drannan joins[1]. Plaintiff responded (Doc. 22) and filed additional persuasive authority (Doc. 27)[2]. For the reasons stated below, Defendants' Motion to Dismiss (Doc. 15) will be denied.

---

[1] By Motion dated February 8, 2021, Defendant John Drannan seeks to join in the Motion to Dismiss filed by his Co-Defendants (Doc. 25). The pending Motion to Dismiss was filed on October 6, 2020 (Doc. 15), and before Defendant Drannan entered his appearance in this matter (Doc. 23). Plaintiff has no objection to Defendant's motion to join (Doc. 26). Accordingly, Defendant Drannan's Motion to Join (Doc. 35) is **GRANTED**.

[2] By Motion dated June 21, 2021, Plaintiff seeks leave to file additional persuasive authority (Doc. 27). Plaintiff's motion for leave (Doc. 27) is **GRANTED**.

1

**Discussion**

The purpose of a Rule 12(b)(6) motion to dismiss is to decide the adequacy of the complaint, not to determine the merits of the case or decide whether a plaintiff will ultimately prevail. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). For a claim to survive a Rule 12(b)(6) motion to dismiss, the claim must sufficiently "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss, the Court must accept all well-pleaded facts as true and draw all possible inferences in favor of the plaintiff. *McReynolds v. Merrill Lynch & Co., Inc.*, 694 F.3d 873, 879 (7th Cir. 2012); *Gibson,* 910 F.2d at 1521.

As alleged in Plaintiff's Complaint, Plaintiff entered the custody of IDOC on August 18, 2017 (Doc. 1, ¶ 6). Plaintiff became eligible to be released on December 24, 2018, subject to a term of mandatory supervised release (Doc. 1, ¶ 7). A condition of Plaintiff's mandatory supervised release required Plaintiff to be subject to GPS monitoring (Doc. 1, ¶ 8). Plaintiff timely submitted a release plan to IDOC personnel at Vandalia Correctional Center, stating that Plaintiff would reside in Aurora, Illinois and participate in a residential group program for ex-offenders (Doc. 1, ¶ 11). However, Defendant James refused to process Plaintiff's release plan wrongfully claiming that GPS monitoring could not be completed at a group home (Doc. 1, ¶¶ 13, 15-16). Defendants Drannan, Wells, and Waggoner did not overrule Defendant James' decision (Doc. 1, ¶ 23). Plaintiff was not released on December 24, 2018 (Doc. 1, ¶ 9). Plaintiff later

transferred to Taylorville Correctional Center, where his release plan was approved (Doc. 1, ¶¶ 13, 29). Plaintiff was released on January 10, 2020 (Doc. 1, ¶ 29).

Defendants argue that Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Savory v. Cannon*, 947 F.3d 409 (7th Cir. 2020). In *Heck*, the Supreme Court held that plaintiffs may not pursue claims under 42 U.S.C. § 1983 which necessarily imply the invalidity of a criminal conviction, unless that conviction is first set aside by appeal, collateral review, or pardon. *Heck,* 512 U.S. 477, 486-87 (1994); *Savory*, 947 F.3d at 425-25 (referring to this requirement as the "favorable termination requirement."). Accordingly, when a state prisoner seeks damages in a § 1983 suit, *Heck* directs the district court to:

> consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will *not* demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed.

*Heck*, 512 U.S. at 486-87. In *Savory*, the Seventh Circuit further reasoned that *Heck's* "favorable termination requirement" controls the outcome of whether a § 1983 claim implies invalidity of a conviction, regardless of whether the plaintiff has habeas relief available to him or has otherwise been unsuccessful in pursuing collateral relief of his sentence and conviction. *Savory*, 947 F.3d at 425-25.

*Heck* and *Savory* both involve direct challenges to the plaintiffs' convictions. *Heck*, 512 U.S. at 479 (alleging an unlawful arrest and conviction); *Savory*, 947 F.3d at 411 (After being pardoned for murder, plaintiff sought damages for his alleged framing). Here, however, Plaintiff argues that he is not challenging his underlying criminal conviction or

3

resulting sentence (Doc. 22). Instead, Plaintiff asserts that his constitutional rights were violated when IDOC staff held him beyond his release date in contravention of the terms of his *valid* conviction and sentence (Doc. 22). Presently, the Court does not believe a judgment in Plaintiff's favor in this matter would serve in any manner to invalidate his conviction or sentence.

In this Circuit, "incarceration after the time specified in a sentence has expired violates the Eighth Amendment if it is the product of deliberate indifference." *Burke v. Johnston*, 452 F.3d 665, 669 (7th Cir. 2006); *see also*, *Turner v. Godinez*, 693 Fed.Appx. 449, 454 (7th Cir. 2017); *Werner v. Wall*, 836 F.3d 751 (7th Cir. 2016) (collecting cases); *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016); *Armato v. Grounds,* 766 F.3d 713 (7th Cir. 2014); *Campbell v. Peters*, 256 F.3d 695, 700 (7th Cir. 2001). Further, the prolongment of a sentence raises Fourteenth Amendment due process concerns. *Werner*, 836 F.3d at 761; *Armato,* 766 F.3d at 721-22; *see also Brzowski v. Baldwin*, No. 17-c-9339, 2018 WL 4917084, at *2 (N.D. Ill. Oct. 9, 2018) ("It is difficult to imagine a more fundamental deprivation of liberty" than denying Plaintiff release after he had served his full sentence). Plaintiff alleges that Defendants intentionally held him in incarceration beyond his release date, resulting in an illegal extension of Plaintiff's confinement. These allegations are sufficient to state claims against Defendants. Accordingly, Defendants' motion to dismiss (Doc. 15) is **DENIED**.

**SO ORDERED.**

Dated: June 22, 2021

DAVID W. DUGAN
United States District Judge

4